I appreciate this panel's allowing me to be here on behalf of my client. May I begin? Yes, please do. I would like to reserve two minutes and I'll monitor that from the podium. First point... Tell me who you are. Oh, yes. If I fail to do that, we'll get to the basics. Matt McGuire, Appellant's Counsel for Cristobal Colon-Arreola. Thank you. Thank you. The first point is that the California Penal Code that my client was...appellant was convicted under, California 243C2, is not a categorical crime of violence. That's the first point I'd be happy to entertain today. The second point is that the district court in Tucson did not engage in a modified categorical analysis. So our first point is that this particular statute... Well, I think the government's put all their eggs in one basket here, right? Yes, that's right. All right. And they didn't challenge the appeal waiver either, I guess. It was not raised in their government's response. Okay. So approach it as a categorical... Yes, ma'am. It's very clear in the case law that California Battery 242 is not a categorical crime of violence. So we start from that. There are six points that I'd like to raise, and, of course, I'm happy to be interrupted for any questions. Okay. So he pled guilty or no contest to 243C2, right? Yes, he did. Your Honor, 243C2, which has as its element a battery defined as willful and unlawful use of force or violence upon a person of another, isn't the intent requirement met? And if you look at Ninth Circuit, U.S. v. Lorenco-Yano, that willful is a synonym for intentional. Your Honor, we go back, and that cite, Lorenco-Yano is certainly cited by the government in their response. We go back to the fact that Johnson v. United States, which is 559 U.S. 133, we cite page 138 in our reply, states that federal courts are bound by California, in this case, bound by California Supreme Court interpretation of California law and also that court's interpretation of their own statutes. And it's clear that using 242 for a second, it's clear that California battery can include the least touching. It can include nonviolent behavior. So because California 243 takes as its heart 242, we start from 242 can include nonviolent, nonharmful touching. We cited in our reply some California state court decisions that make clear that California courts interpret battery as including conduct such as the offensive touching or touching a person to harm their feelings. Well, 242 jurisprudence, I think you're citing that correctly. But isn't it true that 243c2 clearly requires an element that 242 does not, and it requires an injury as inflicted on a peace officer victim? That is the heart of the debate, Your Honor. That's the heart of the debate. What does injury make it into? So the appellant, here's the debate. The appellant's position is very clear. Based on Johnson v. U.S., based on the clear California interpretations of their own laws in this State, 243 has to include conduct that is not included in the Federal generic definition. It has to, because it's a battery with an extra element. So Your Honor is correct. 243c2 has an additional element that 242 does not. But 243 still has the 242 elements in it. So if a battery in California can be the least touching. But a simple 242 would not be enough to be convicted of 243c2. Correct. But, Your Honor, 242 is part of 243, and that's the point that we think. Now under DeCamps, and this is, I think, what makes the appellant's argument clear, is the reason it's not a categorical crime of violence is because 243 assumes 242, and under DeCamp, the elements of battery are still in 243. The elements of battery in California include hurt feelings, include nonviolent touching, and because the element of 243, excuse me, 242's elements are in 243, DeCamp says that an element of 243c2 is broader than the Federal definition. Therefore, under DeCamp, 243c2 can't be a categorical crime of violence. So that's the appellant's position. Okay. Again, it takes a little bit of logic there, but 243c2 does not... That's a little bit of twisting. A little bit of torture. Yes, ma'am. And that's why we're here. So thank you. I appreciate it. I believe that's why I'm here today. So 243c2 can't exist without 242. 242 is not a categorical crime of violence. Then, since we've been briefing this, since this case happened... Okay. Go ahead and finish. And I'll finish. And then since that happened, DeCamp came along, and DeCamp clearly says if an element of 243c2 is broader than the Federal definition under 201.2, it can't be a categorical crime of violence. So there we are. Your Honor, I will reserve the remainder of my time. I think that's a good idea. Let's focus it, and then you'll have plenty of time for a response. Thank you. Thank you. Good morning, Your Honor. This is Brian Decker on behalf of the United States. I'm an assistant U.S. attorney for the District of Arizona. Okay. Just so that I'm understanding, you're not asking to have the appeal waiver enforced, correct? That's correct, Your Honor. And so you're going for the whole, you're going for the whole, the whole bag of hope all in one, and it's either, you're not trying to argue modified, you're not trying to argue divisible, you're just saying it's a categorical crime of violence. That's correct, Your Honor. I think if this statute has any meaningful division from modified categorical analysis, it would be the force or violence that's incorporated from battery, and the government's position is that that doesn't make a difference here. The district court below did go to the judicially noticeable documents to make a modified categorical analysis. It did that before desk camps. And my position is here that that was unnecessary, that this is categorically a crime of violence. So you're rising or falling on the categorical, that it's a categorical crime of violence? That's my position, Your Honor. And you're sticking to it. So go ahead. If the Court has questions about an alternative theory, I'm happy to address them. But my – the Court has, as counsel noted, already hit on the heart of the matter. It doesn't matter that this was against a police officer. We agree that willful is enough of a mens rea to qualify as a crime of violence. The heart of the matter is, does this include actual violence? As the Supreme Court in Leocal suggested is inherent in the suggestion of use of physical force against a person of another, as this circuit has further developed to mean injury against another. That's what distinguishes this statute from simple battery. The counsel is arguing that this is essentially a simple battery case because this is simple battery plus. It's the plus that makes the difference. The plus is including inflicting injury on another here on a police officer. And then that injury is defined in a different subsection of the statute in 243F5 as any physical injury which requires professional medical treatment. This makes clear that we're not talking about injury to someone's pride or injury to someone taking offense to an offensive touching, the least touching that can happen in a simple battery context. This isn't simple battery. And all of those kinds of actions that could get someone convicted of simple battery, you couldn't get convicted of doing those things, get convicted of this crime, of doing those things, because this crime requires that you inflicted actual physical injury on somebody. It doesn't matter whether he was a police officer. It doesn't matter whether he was a police officer. So is battery a lesser included of this, simple battery? It possibly is, depending on the theory of simple battery. I think that that would probably be a case where the district court would have to determine whether the facts lent themselves to simple battery being a lesser included. Well, like if you had a, if you were trying this to a jury and say that the, here the injury was seven stitches, I guess. But let's say the injury where you went into the emergency room and they put a butterfly on it as opposed to stitches or something. Right. Then, and what you said, you said the injury is defined as something that requires medical care? That is defined in the California statute, subsection F-5, professional medical treatment, yes. So if he put the butterfly on it, maybe that, and he said I'm a medic and so I did it myself, then. It would cost $500 for that, yes, but. Yeah. But maybe a defense counsel could ask for a lesser included of simple battery, but per se, it would be dependent on the, it would be a factual dispute that was in the jury, I guess, is what you're saying? I think that makes sense, Your Honor. Yes. I think that any. But you couldn't be convicted of this crime if it were just a pushing. Exactly, Your Honor. And the fact that the defendant pleaded guilty to this crime means that the defendant admitted that he inflicted injury on someone, and injury meaning physical injury that required professional medical treatment. He inflicted physical injury on someone. That makes it a crime of violence. But his argument seems to be predicated on the notion that this is a, because a simple battery is included in this, it's not a crime of violence. That's, that seems to be the case. That seems to be the argument, Your Honor. But simple battery is included in lots of things, included in enumerated crimes of violence. I think the fact that it's included doesn't. Right. We don't have anything since the camps that bears on this directly, I take it. I don't believe so, Your Honor. Well, I guess murder could be a battery, but they have to die. So if they didn't die, then it wouldn't be murder, right? Exactly, Your Honor. But there was a battery included in murder for the most part. Right. And if somebody pleaded guilty to murder, the fact that there was a battery included in that wouldn't mean that the murder was not a crime of violence. I'm assuming that by both of your arguments here that I guess on some level you're both asking the Court to rule the way that you want us to rule, but that there needs to be an opinion stating whether it's a categorical crime of violence or not. There isn't anything out there that says it about this particular section, correct? That's correct. I don't want to give the Court the impression that I'm insisting that the Court needs to be. No, but I mean, if we're looking to see what would give direction to the legal community, there isn't anything specifically on this point. Is that correct? For this specific crime, yes, that's correct, Your Honor. Mr. Decker, the way I look at this is what I call the residual clause when I come to a sentencing, it's not murder, robbery, burglary in the application note. But here's what I'm trying to figure out. The catch-all that we're talking about here says that the, quote, offense under Federal, State, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another. Taylor says in 1990 that if you fit in that category in any way you can commit this crime, that's the end of the analysis. You don't have to go as Judge Carr did here to the Shepard case, because there's kind of a trilogy here. You do Taylor, you do Shepard, then you do DeCamps, at least that's the way I look at it. And what you're telling me is that Taylor, absolutely, you can't commit this crime without the use, attempted use, or threatened use of physical force, period, end of case. That's correct, Your Honor. Yes, Judge Carr did go through an analysis that was unnecessary. Well, he's a very careful district judge, like most of them. Yes, Your Honor. In my experience as well. But he ended up reaching the right result in going through that unnecessary analysis. And as the Court said, the wording of the guideline here is has as an element that use of physical force. It doesn't matter what the other elements are. But we don't have to do like Shepard when Justice Souter said, well, you can look at the indictment but not the transcript, and we don't have to go through that. I think the only thing that's necessary to look at here is to confirm what the statute was that he was convicted of. Right. And that's apparent from the judgment of conviction here. Okay. Thank you, Your Honor. Thank you. Let me make a few points, perhaps in reverse logical order. Talking about the sentencing as a matter, I did have the benefit of being appellant's counsel at the district court level. I was there that day. And there was no modified categorical analysis. There was different discussion under Shepard perhaps, it wasn't cited, but about use of police reports. So it really was a muddled record. It was a wonderful experience, but it was a muddled record. And I think you can see that in the transcript of the sentencing. It probably wasn't wonderful for the defendant. It certainly gave us certain points, absolutely. So I think I'd just like to quote page 12, which is in our ER, I believe it's 34, page 34 in our ER. The district court says, in response to a question from me, about whether this is a categorical crime of violence, clearly in the record we objected to the pre-sentence report early and often. We raised this in writing. And in the transcript I state that it was not a categorical crime of violence. And the court answered, well, whether it is or not, I don't think I have to get there. So to answer your question, Your Honor, is I think that this is an issue of whether this is a categorical crime of violence or not, because the record is fairly clear for the defense, for the appellant, that what we're asking for is that this Court find it's not a categorical crime of violence, but send it back to district court for a proper protocol under 2L1.2 and Rule 32. I think that's the proper remedy here. Well, let me – but it's really a question of law, isn't it? Absolutely. The first question, that's why I said reverse chronological order. It is not a categorical crime of violence, and that is a question of law. Okay. Is the thrust of your argument that if there's a lesser included offense that is not a crime of violence, that it can't be a crime of violence? I don't see this as a lesser included analysis.  I don't see it as that. Well, I understand that you didn't brief it then. Those words don't appear. Yes, ma'am. But isn't – I'm just saying, isn't that the thrust of it? Because you have an additional element here that's not – and you're saying, well, but the crime that is not a crime of violence is in it. I would shy away from still saying lesser included, because that's a term of art. I understand you're shying away from saying it. I'm just asking. Isn't that basically the essence of what you're arguing? Your Honor, I'm not shying away because it's a bad point from the defense. I just – I just didn't brief that issue, and I think that's a term – analysis of art. So if the answer is important. Why don't you answer her hypothetical? Or why don't you answer her question? Fine. Very good. Very good. I just don't want to make bad law here. I mean, the next case where there's a – it is clearly – there is a lesser included that is not a crime of violence. Are we supposed to say, applying your theory, that the crime with the additional element is not a crime of violence because there's a lesser included that is not a crime of violence? You're fine. In fairness to the Court, under that analysis, I'm certainly arguing that 242 is an element of 243. So there is that element idea. Certainly, that's part of what we're arguing here. But I think in the particular facts of this case, because California Supreme Court state law is so clear on what a battery can be, which is much more conduct than under the generic definition, we get to the same point, perhaps. Because 242 is an element of 243, lesser included or not, that is our argument. I'm certainly – I think under DeKalb's, that's where we're going. It's a new world now. As Judge Callahan pointed out, there's not a lot of analysis yet under DeKalb. What does DeKalb mean? I think one reading of DeKalb is this analysis. You look at 243 and break down the elements. Certainly, a divisibility analysis does the same thing. And because the one element has so broad a pool of conduct, we look at that and vote on whether it's a categorical crime of violence. So I hope I've answered your question. I have no time. Very good. Okay. Thank you both for your argument. It was helpful. This matter will stand submitted.
judges: Pratt, Schroeder, Callahan